[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5557
Defendant has filed a motion to suppress evidence that was seized or discovered as a result of the stop of his motor vehicle by the Connecticut state police on January 27, 2001.
On January 27, 2001, Troop D of the Connecticut state police received an anonymous telephone call at its barracks informing them that a "dark colored Volvo" was being operated in an erratic fashion southbound on Interstate 395. All troopers were notified accordingly. The caller did not give the year, color, license plate or identify the vehicle as 2-door, 4-door, station wagon or any other identifying feature or whether there was one or more occupants.
Some distance from the area of the report, Trooper Costa was working on traffic duty in the course of investigating a tractor trailer accident in the southbound lane of 395. Traffic at that point was reduced to one lane and was being directed by Trooper Costa past the accident scene at approximately 5 miles per hour.
During the course of his traffic duty, Trooper Costa observed a dark colored Volvo in the line of traffic, slowly moving with traffic to pass the scene of the accident. He approached the vehicle, ordered the operator to pull over and inquired to see his license and registration. He did not personally observe any erratic operation or violation of any motor vehicle laws at the time he ordered the operator to pull over. The officer testified that the decision to stop the vehicle was based solely on the radio broadcast from Troop D, based on the anonymous caller.
The court must analyze the totality of the circumstances in determining whether or not an anonymous tip created the level of reasonable suspicion that justifies a warrantless search and seizure. The court must look to the content of the information and it reliability. Alabama v. White,496 U.S. 325, 330 (1990).
"An anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity inasmuch as ordinary citizens generally do not provide extensive recitations of the basis of their everyday observations and given that the veracity of persons supplying anonymous tips is by hypothesis largely unknown and unknowable . . . It provides virtually nothing from which one might conclude that the caller is either honest or his information is reliable . . ." (Internal quotation marks omitted.)Alabama v. White, supra, page 329, quoting Illinois v. Gates, 462 U.S. 213,237, 227, 103 S.Ct. 2317, 76 L.Ed. 527 (1983). CT Page 5558
In Florida v. J.L., 529 U.S. 266, 120, 120 S.Ct. 266, 146 L.Ed. 254
(1998), the United States Supreme Court found that a search based solely on an anonymous telephone caller's claim that an individual was carrying a gun at a bus stop was unconstitutional. The Supreme Court held that the informant's tip lacked sufficient indicia of reliability to give the police reasonable suspicion for an investigatory stop and frisk of the suspect. The court noted that: "The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." Florida v. J.L., supra page 272.
In accordance with these precedents, the court must decide whether or not the anonymous tip was sufficiently reliable.
The caller did not identify themselves, nor did she/he provide a color of the vehicle, its year or type, no license plate number was noted, no physical description of the operator or vehicle occupants of any passengers, nor did it indicate any other information other than direction of travel. Finally, the arresting trooper did not make any independent observation of the vehicle's operation before initiating the stop.
Based on the totality of the circumstances in this case, the court finds the informant's tip lacked the indicia of reliability sufficient to create a reasonable and articulable suspicion that this defendant was committing or about to commit a crime therefore, the court finds that the stop and seizure of the defendant person was in violation of the State and Federal Constitution.
Motion to suppress is granted.
Kocay, J.